Scott R. Miller (SBN 112656)
Email: smiller@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 787-2500
Facsimile: (213) 687-0498

Francis DiGiovanni (admitted *pro hac vice*)
Email: fdigiovanni@cblh.com
M. Curt Lambert (admitted *pro hac vice*)
Email: mlambert@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P. O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

Attorneys for Defendants
PARKER-HANNIFIN CORPORATION and
PARKER INTANGIBLES LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CHAMPION LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PARKER-HANNIFIN CORPORATION and PARKER INTANGIBLES LLC, <br><br> Defendants. | Case No. 1:10-CV-02371 OWW -DLB <br><br> Hon. Oliver W. Wanger <br><br> **STIPULATED INTERIM PROTECTIVE ORDER FOR DOCUMENTS IN CONNECTION WITH MOTION TO DISMISS** |

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Court's Order (Dkt. 27 at 14-15), plaintiff Champion Laboratories, Inc. and defendants Parker-Hannifin Corporation and Parker Intangibles LLC (collectively "the parties") having stipulated to the entry of this Interim Stipulated Protective Order For Documents in Connection With Motion to Dismiss ("Order"), and the Court having found that the entry of this Order is in the best interests of the

parties and of the prompt and efficient adjudication of defendants' Motion to Dismiss filed on February 4, 2011 ("Motion"),

**IT IS HEREBY ORDERED** as follows:

1. *Confidential Materials Defined.*  This Order shall apply to all information, documents, and things submitted in connection with the Motion that are in good faith believed by that party to contain its trade secrets or other confidential research, development, proprietary, financial, or commercial information or information of a competitive nature.  The designating party shall exercise good faith in designating information as protected under this Order.

2. *Designation of Confidential Materials*.  The designating party shall label or mark documents, pleadings, or submissions containing Confidential Information with the legend **"Highly Confidential – Attorneys' Eyes Only"** on the face thereof, including on each page thereof where appropriate.

3. *Use of Confidential Materials and Filing Under Seal.*  Confidential Materials shall be used by those granted access under this Order solely for the purpose of the Motion and not for any other purpose, including, but not limited to, use in any business or commercial enterprise.  Pleadings, submissions, or documents containing or referring to Confidential Materials shall be filed under seal pursuant to Rule 141 of the Local Rules of the Eastern District of California.  The clerk of this Court is to maintain the pleading, submission, or document under seal and make them available only to persons authorized by the terms of this Order.

4. *Disclosure and Access to Confidential Materials.*  Except with the prior written consent of the designating party, no Confidential Material, and no information contained therein, may be disclosed to any person other than the following:

    a. Outside counsel of record for the parties to the litigation and secretaries, legal assistants, and clerical personnel employed by such counsel who are actively providing assistance to such counsel in connection with the Motion.

    b. The following in-house counsel:

<u>For Plaintiff Champion Laboratories, Inc.:</u>

>Keith Zar, Esq.
>Vice President and General Counsel
>United Components, Inc.
>Champion Laboratories, Inc.
>14601 Highway 41 North
>Evansville, IN 47725
>(812) 867-4289

<u>For Defendants Parker-Hannifin Corporation and Parker Intangibles LLC:</u>

>Christopher H. Hunter, Esq.
>Associate General Counsel
>Parker-Hannifin Corporation
>6035 Parkland Blvd.
>Cleveland, OH 44124
>(216) 896-2461

    c.    The authors, senders, addressees and copy recipients for any particular item of the designating party's Confidential Materials.

    d.    This Court, including Court personnel.

    e.    Court reporters in the performance of their official duties.

    f.    Any other person upon the prior written consent of the designating party or upon order by the Court.

5.    ***Inadvertent Failure to Designate.***  If a party inadvertently discloses Confidential Materials without having designated them as **Highly Confidential – Attorneys' Eyes Only**, that party promptly shall inform the receiving party of the inadvertent disclosure in writing and the receiving party shall thereafter treat the Confidential Materials as **Highly Confidential – Attorneys' Eyes Only.**  If the receiving party has disclosed the Confidential Materials to persons not authorized to see the Materials, the receiving party will make every reasonable effort to retrieve the Materials from such persons and to limit any further disclosure to unauthorized persons.

6.    ***Accidental Disclosure.***  If a party accidentally discloses Confidential Materials to an unauthorized person, the party responsible for the disclosure promptly shall advise the designating party and shall make every reasonable effort to retrieve the Confidential Materials and to prevent further disclosure to unauthorized persons.  Any inadvertent disclosure shall not produce a waiver of any privilege or immunity that otherwise would apply.

7. ***Attorney-Client Advice.***  Nothing in this Order shall bar or otherwise restrict any counsel of record from rendering advice to his or her client with respect to the Motion and, in the course thereof, from relying upon his examination of Confidential Materials provided, however, that in rendering such advice, and in otherwise communicating with his client, such counsel shall not disclose the contents of any Confidential Materials, unless otherwise expressly permitted herein.

8. ***Continuing Effect.***  Within ninety days after termination of this action, all Confidential Materials in the possession of a party shall be returned to the designating party or, alternatively and at the request of the designating party, be destroyed.

9. ***Non-Waiver and Non-Admission.***  The execution of this Order shall not be construed as an agreement by any person or party to produce or supply any information, or as a waiver by any person or party of this right to object to the production of any information, or as a waiver of any claim of privilege with regard to the production of any information.  In addition, nothing contained in this Order shall be construed an admission by any party that any Confidential Materials are in fact confidential, proprietary or a trade secret.   Furthermore, this Order may be amended or superseded by a later order applicable to any further proceedings following disposition of the Motion to Dismiss.

10. ***Time of Effectiveness.***  The parties agree to treat this Order as entered by the Court as of the date it becomes fully executed by the parties.  In the event that the fully executed Order should be rejected by the Court, or that the Court should require any changes in the executed Order, the parties agree to treat any Confidential Materials disclosed  in the interim as **Highly Confidential – Attorneys' Eyes Only** according to the dictates of this Order as originally executed.

11. ***Review.***  Any dispute regarding the procedures or obligations set forth in this Order shall be resolved by the Court after the parties outline their respective positions by letter to the Court. Nothing in this agreement shall prevent any party from making an appropriate application to the Court to review whether information marked **Highly Confidential – Attorneys' Eyes Only** should be so qualified.  In the case of such application, the party which designated the particular confidential nature of the information shall have the burden of proof on that issue.

STIPULATED PROTECTIVE ORDER FOR DOCUMENTS IN CONNECTION WITH MOTION TO DISMISS
Case No. 1:10-CV-02371 OWW –DLB

4

The Declaration of Rob Clark and supporting Exhibits shall be designated **Highly Confidential – Attorneys' Eyes Only** and maintained under seal pursuant to the Court's Order granting defendants' Request to Seal Documents without prejudice (Dkt. 26). Any pleading or submission making reference to the contents of the Clark Declaration shall be filed under seal pursuant to this Order.

The parties, through counsel, stipulate to the entry of the foregoing Order.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Paul T. Olszowka<br>Brian W. Lewis (Pro Hac Vice)<br>Email: blewis2@btlaw.com<br>Paul T. Olszowka (Pro Hac Vice)<br>Email: polszowka@btlaw.com<br>Mark J. Nahnsen (Pro Hac Vice)<br>Email: mnahnsen@btlaw.com<br>**BARNES & THORNBURG**<br>One North Wacker Drive<br>Suite 4400<br>Chicago, IL 60606<br>Telephone: (312) 357-1313<br>Facsimile: (312) 759-5646<br><br>Mark D. Miller (SBN 116349)<br>Email: mmiller@kmulaw.com<br>Marcus N. DiBuduo (SBN 258684)<br>Email: mdibuduo@kmulaw.com<br>**KIMBLE, MacMICHAEL & UPTON**<br>A Professional Corporation<br>5260 North Palm, Suite 221<br>Fresno, CA 93704<br>Telephone: (559) 435-5500<br>Facsimile: (559) 435-1500<br><br>*Attorneys for Plaintiff*<br>*Champion Laboratories, Inc.* | /s/ M. Curt Lambert<br>Francis DiGiovanni (Pro Hac Vice)<br>Email: fdigiovanni@cblh.com<br>M. Curt Lambert (Pro Hac Vice)<br>Email: mlambert@cblh.com<br>**CONNOLLY BOVE LODGE & HUTZ LLP**<br>1007 N. Orange Street<br>P. O. Box 2207<br>Wilmington, DE 19899<br>Telephone: (302) 658-9141<br>Facsimile: (302) 658-5614<br><br>Scott R. Miller (SBN 112656)<br>Email: smiller@cblh.com<br>**CONNOLLY BOVE LODGE & HUTZ LLP**<br>333 South Grand Avenue, Suite 2300<br>Los Angeles, CA 90071<br>Telephone: (213) 787-2500<br>Facsimile: (213) 687-0498<br><br>*Attorneys for Defendants*<br>*Parker-Hannifin Corporation and*<br>*Parker Intangibles LLC* |

///

///

1
2
3
4
5  IT IS SO ORDERED.
6      Dated:   **March 1, 2011**              **/s/ Oliver W. Wanger**
                                              UNITED STATES DISTRICT JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER FOR DOCUMENTS IN CONNECTION WITH MOTION TO DISMISS
Case No. 1:10-CV-02371 OWW –DLB